MEMORANDUM **
Dianna Joyce Roberts appeals pro se from the district court’s judgment dismissing her action seeking to enjoin state court eviction proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. Noel v. Hall, 341 F.3d 1148, 1154 (9th Cir.2003). We reverse and remand.
The Rooker-Feldman doctrine “is confined to cases ... brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.” Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). Thus, where there is simultaneously pending federal and state court litigation between the parties dealing with the same or related issues, the Rooker-Feldman doctrine does not bar jurisdiction; rather the district court “may abstain or stay proceedings; or if there has been state court litigation that has already gone to judgment, the federal suit may be claim-precluded under [28 U.S.C.] § 1738.” Noel, 341 F.3d at 1164.
Because Roberts filed this action before the state court eviction proceedings were filed against her, there was simultaneously pending federal and state court litigation between Roberts and defendants dealing with the same or related issues. Accordingly, the Rooker-Feldman doctrine does not bar this action. We reverse the judgment, and remand for the district court to consider in the first instance whether preclusion or abstention doctrines apply in this case.
We grant the motion for substitution by the personal representative of appellee Linda Johannsen’s estate.
We decline to consider appellant’s motion for suspension of rules and appellees’ request for judicial notice because those motions are moot.
The parties shall bear their own costs on appeal.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.